UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JIMMY LEE GRIMES,

        Plaintiff,

        v.                               Case No. 21-C-58

CRYSTAL POWERS,
KEVIN A. CARR, R. BUBOLZ,
B. HOMPE, C. O'DONNELL,
JOHN DOE #1, and JOHN DOE #2,

        Defendants.

## SCREENING ORDER

On January 13, 2021, plaintiff Jimmy Lee Grimes, who is confined at Oshkosh Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) He then filed a supplemental complaint on February 4, 2021. (ECF No. 11.) Magistrate Judge Nancy Joseph screened both the complaint and the supplemental complaint and found that Grimes failed to state a claim upon which relief may be granted. (ECF No. 13.) However, Judge Joseph gave Grimes an opportunity to amend the complaint by May 12, 2021. Grimes submitted an amended complaint on April 26, 2021. (ECF No. 14.) Grimes also filed a motion to reconsider Judge Joseph's order denying him appointment of counsel (ECF No. 16) and another motion to appoint counsel (ECF No. 17). This order will resolve those motions and screen the complaint.

This case was previously assigned to Magistrate Judge Nancy Joseph. However, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was reassigned to a District Judge for entry of this order dismissing the case.

## SCREENING OF THE COMPLAINT

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Grimes alleges that on August 9, 2019, he became aware that his "Protected Health Information (PHI)" was given to an unidentified requestor (John Doe #1) and his acquaintance (John Doe #2) on June 24, 2019. (ECF No. 14 at 2.) The inmate complaint, OSCI-2019-16804, and a letter to Grimes from the Wisconsin Department of Corrections, both of which Grimes attached to his amended complaint[1], indicate that John Doe #1 and John Doe #2 are journalism students at Marquette University who made a public records request. (ECF No. 14-1 at 1, 6.) Once notified of the disclosure of Grimes' PHI, the John Does deleted the information. (ECF No. 14 at 2.)

Grimes states that defendants Crystal Powers and Kevin Carr "failed to submitt [*sic*] a D.O.C. 1163A Form," thereby denying Grimes due process. (*Id.* at 3.) He does not elaborate on what the purpose of the form is but in a separate filing not related to the complaint, Grimes submitted what purports to be a copy of the form in question. (ECF No 15-1.) Grimes also notes that apparent conflict of Powers' role as the Health Insurance Portability and Accountability Act (HIPAA) compliance officer and the reviewing authority for his inmate complaint about the unauthorized release of PHI. (ECF No. 14 at 3.) Powers affirmed defendant Inmate Complaint Examiner R. Bubolz's recommendation that his grievance be dismissed because the unauthorized release was mitigated, and the PHI was deleted. (*Id.*) Grimes appealed Powers' decision, but his

---

[1] *See* Fed. R. Civ. P 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

3

appeal was denied by defendant Corrections Complaint Examiner B. Hompe and adopted by C. O'Donnell from the Office of the DOC Secretary. (*Id.*)

Grimes states that "those who approved this [public records] request were involved in the violation of my rights," but he does not identify or give any indication who may have approved the public records request. (*Id.* at 4.) He states that the disclosure of his PHI has "exacerbated" his mental health. (*Id.* at 5.) He seeks damages of $500,000.

## THE COURT'S ANALYSIS

Grimes first claims that the defendants violated his rights because they disclosed his protected health information. However, he does not state who allegedly disclosed the information. Even if he did identify the individual(s) responsible for the disclosure, at most his claim amounts to a claim that his right to privacy under HIPAA was violated. Under HIPAA, "there is no express language conferring a private right or remedy for disclosure of confidential medical information. Thus, courts have held that HIPAA did not create a private cause of action or enforceable right for purposes of suit under 42 U.S.C. § 1983." *Franklin v. Wall*, Case No. 12-cv-614-wmc, 2013 WL 1399611, at *2 (W.D. Wis. Apr. 5, 2013) (citing *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011)). Thus, Grimes may not proceed on a claim as it relates to the unauthorized disclosure of his PHI.

Grimes also alleges that Powers and Carr violated his due process rights when they failed to use DOC Form 1163A. However, Grimes does not provide details of the purpose of the form, when it would be used, and how using the form would have provided him due process. While he did appear to file the form separate from his amended complaint, he gave no indication that he intended the filing to be considered as part of his complaint. Thus, the court will not consider it. Additionally, when the court gave Grimes the opportunity to amend his complaint, it specifically

4

informed him that his allegations still have to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 55 (internal citations omitted)); (ECF No. 13 at 4-5.) Grimes' amended complaint does not give the defendant fair notice because it still lacks those crucial details. He may not proceed on a due process claim against Powers and Carr.

Grimes also alleges that Carr, Bubolz, Hompe, and C. O'Donnell violated his rights when they dismissed his inmate complaint. However, prison officials who deny grievances "but who otherwise did not cause or participate in the underlying conduct" cannot be held liable under § 1983. *See Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)). Grimes may not proceed on claims against Carr, Bubolz, Hompe, and C. O'Donnell for denying his grievance.

Finally, John Doe #1 and John Doe #2 are journalism students at Marquette University. To state a claim under 42 U.S.C §1983, a plaintiff must allege the deprivation of a right secured by the Constitution or the laws of United States. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 822 (7th Cir. 2009). Also, the alleged deprivation must have been committed by a person acting under the color of state law, which means the person exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.*; *West v. Atkins*, 487 U.S. 42, 49 (1988). The Doe defendants are private citizens and nothing in the amended complaint suggests they were acting under the color of state law.

Grimes fails to state a claim upon which relief may be granted. The court dismisses his case. Because his case is dismissed, the court does not need to consider Grimes' motion to reconsider his motion to recruit counsel or his second motion to recruit counsel.

5

**IT IS THEREFORE ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Grimes' motion for reconsideration and motion for appointment of counsel (ECF Nos. 16–17) are **DENIED as moot**.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Grimes is confined.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this 10th day of June, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.